Opinion of the Court.
THIS was an action of debt, brought by Susan Price upon a judgment recovered by her in the Mississippi territory, against Higgins. The declaration sets out the judgment recovered in the territorial court, in the usual form, and after making profert of the record, avers the judgment to be still in full force and unsatisfied, &c. Higgins craved oyer of the record, and demurred to the declaration. The demurrer was joined by Price, and judgment rendered in favor of Higgins. Whether or not the court was correct in sustaining the demurrer, is the only question for the decision of this court.
From the transcript of the record of the proceedings in the territorial court, it appears that Mrs. Price sued out an attachment, in the territory, against the estate of the said Higgins, and caused process to issue against other persons, as garnishees, to appear and answer what estate of the said Higgins remained in their hands. Higgins appeared and pleaded to the attachment, but afterwards withdrew his plea, and judgment was rendered against him for $295 95 cents, and costs. The garnishees also appeared, and judgment was rendered in favor of Mrs. Price, that she recover against them the amount of the judgment recovered *274 against Higgins, payable out of the money by them acknowledged to be due Higgins, &c.
The judgment of a territorial court, obtained after an appearance, is prima facie evidence, and an action of debt will lie on it.
Where a judgment is obtained against a defendant in an attachment, and afterwards a judgment for the whole amount is rendered, in the same suit against garnishees,the latter judgment does not extinguish the former.
1. Unless this latter judgment, rendered against the garnishees, does away the legal effect, which the judgment against Higgins would otherwise have had, the demurrer of Higgins most indisputably should not have been sustained; for without the judgment against the garnishees, that against Higgins, in any point of view it may be considered, must be admitted, prima facie at least, to imply the existence of a just and legal debt. If, instead of a judgment of a territorial court, the judgment had been rendered by a court of a sister state, as it was rendered after the appearance of Higgins, it would, no doubt, under the constitution of the United States, be incompetent for Higgins in this action to question its correctness. But admitting that judgments of a territorial court do not come within the influence of the federal constitution, less effect cannot be given to them in the courts of this country, than would be given to the judgments of courts of a foreign country ; and it is well settled, that on judgments rendered in foreign Courts, after an appearance of the defendant, debt may be maintained.
2. And we apprehend the legal effect of the judgment against Higgins is not superseded by the judgment rendered against the garnishees. The judgment against Higgins is separate from, and independent of that against the garnishees. It is true, both judgments are for the same demand, and if either is satisfied, the plaintiff would not be permitted to enforce the collection of the other. But until one is satisfied, the plaintiff’s remedy on each is as ample as though no other judgment had been rendered; and whether or not either has been satisfied, is a matter proper to be shown in defence by plea, and cannot be presumed, in deciding on the defendant’s demurrer to the declaration.
It results, that the court erred in sustaining the defendant’s demurrer to the declaration; and consequently, the judgment must be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.